UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

 v.              Case No. 03-CR-69

CRISTOBAL LAZO-BONILLA,

   Defendant.

**ORDER PARTIALLY GRANTING DEFENDANT'S
REQUEST TO MODIFY JUDGMENT**

  The above defendant was convicted of conspiracy to distribute cocaine on or about October 27, 2003 and sentenced to 84 months in prison. He was also ordered to repay the Brown County Drug Taskforce $1,650 that was used as buy money in the course of the investigation. The judgment requires payments to begin forthwith at a rate of not less than $100.00 per month. Defendant now seeks modification of the judgment to stay his obligation to repay the buy money until after he completes his prison term. He also requests that his sentence be ordered to run from the date of the indictment in June of 2003 as opposed to November 5, 2003, when he was released from state custody.

  The request for modification of the buy money obligation is not opposed by the government and will be granted. The original judgment ordered that the buy money be repaid by the defendant as restitution. This was error. The duty to repay buy money expended by law enforcement can be made a condition of supervised release, but is not considered restitution. *See United States v. Cook*,

406 F.3d 485, 489 (7th Cir. 2005). Conditions of supervised release do not take effect until the prison term is completed. Accordingly, defendant cannot be ordered to repay buy money while in prison. *Id.* His request to modify this aspect of the judgment will therefore be granted.

Defendant's further request that his sentence be ordered to run from the date of his indictment is essentially a request that he be given credit on his federal sentence for time spent in state custody on a related charge. Although defendant claims he was held in state custody for essentially the same conduct that resulted in his federal sentence, the government states that he was being held on unrelated state charges and thus would not be entitled to credit. There is also the problem that defendant failed to make such a request at the time of his sentencing and first raised the issue some two-and-a-half years later. The Federal rules of Criminal Procedure severely circumscribe a sentencing court's authority grant a reduction in sentence for any reason other than clerical error more than seven days after it is imposed. *See* Fed. R. Crim. P. 35 and 36. Even if I were to treat defendant's motion as one seeking federal habeas relief under 28 U.S.C. § 2255, it appears the one-year limitation period contained in that section would bar the relief.

Based on the absence of any evidence in the record that defendant is entitled to further credit and the lack of authority this court has to reduce a sentence imposed more than two years ago, I conclude the request for further modification of sentence should be denied. Accordingly, defendant's motion is granted insofar as the buy money used in the investigation is ordered repaid as a condition of supervision instead of restitution. Payment of such amount shall not commence until after defendant is released from custody. In all other respects, the motion to modify sentence is denied.

2

**IT IS HEREBY ORDERED** that the judgment should be amended to reflect that the $1,650. constitutes buy money and the obligation to pay it is a condition of supervised release. The defendant shall commence payments at a rate of $100.00 per month upon his release from prison.

Dated this   26th   day of May, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge